# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAUL RICHARDSON, ) <br>     Defendant. ) <br> ) | No. 2:04-cr-20344-JPM-1 |

**ORDER FOLLOWING SENTENCING HEARING**

This matter is before the Court on re-sentencing. As the Court ruled at the re-sentencing hearing, Defendant Paul Richardson is sentenced to a term of imprisonment of ninety-two (92) months, to be followed by a three-year period of supervised release. This Order clarifies the Court's finding that Defendant's state robbery convictions were not relevant conduct and holds that this sentence is to be imposed consecutively to Defendant's state sentences.

**I.    BACKGROUND**

On August 17, 2004, a federal grand jury returned a one-count indictment, charging that on or about October 3, 2003, Defendant Paul Richardson, a convicted felon, knowingly possessed a Bryco Arms .380 caliber pistol in violation of 18 U.S.C. § 922(g). (Indictment, <u>United States v. Richardson</u>, 2:04-cr-20344-JPM-1 (W.D. Tenn.), ECF No. 1.) Pursuant to a

written plea agreement, Defendant pled guilty to Count 1 of the Indictment on January 12, 2005. (Min. Entry, id., ECF No. 30; Plea Agreement, id., ECF No. 31.) On August 15, 2006, the Court sentenced Richardson to a term of imprisonment of one hundred ninety-six (196) months, to be followed by a three-year period of supervised release. (Min. Entry, id., ECF No. 59.) Judgment was entered on the same day. (J. in a Criminal Case, id., ECF No. 60.) Defendant appealed. On July 31, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's conviction and sentence. United States v. Richardson, No. 06-6076 (6th Cir. July 31, 2007).

On October 21, 2015, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), seeking relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (§ 2255 Mot., Richardson v. United States, 2:15-cv-02694-JPM-tmp (W.D. Tenn.), ECF No. 1.) The Court granted Defendant's § 2255 Motion on December 7, 2015, and entered a Judgment the same day. (Order, id., ECF No. 8; J., id., ECF No. 9.)

The Court held a re-sentencing hearing on February 16, 2016. (Min. Entry, United States v. Richardson, 2:04-cr-20344-JPM-1 (W.D. Tenn.), ECF No. 80.) The re-sentencing hearing was continued to March 2, 2016, to allow the parties time to submit

additional briefing as to whether the sentence should run concurrently, partly concurrently and partly consecutively, or consecutively to Defendant's state term of imprisonment. (Id.) On March 2, 2016, the Court resumed the re-sentencing hearing and heard arguments by both parties. (Min. Entry, id., ECF No. 86.) The Court took the issue under advisement and continued the re-sentencing hearing until March 17, 2016. (Id.)

On March 17, 2016, the Court resumed the re-sentencing hearing and ruled that Defendant's state aggravated burglary convictions, set forth in paragraphs 51 and 52 of the supplemental presentence investigation report ("Supplemental PSR"), were not relevant conduct to Defendant's felon-in-possession offense. The Court determined that a term of imprisonment of ninety-two months, at the high end of the guideline range, was the appropriate sentence in this case. (See Min. Entry, United States v. Richardson, 2:04-cr-20344-JPM-1 (W.D. Tenn.), ECF No. 89.)

On March 18, 2016, the Government filed a Request for Clarification as to the Court's view of the credibility of Defendant's testimony at the re-sentencing hearing. (Req. for Credibility, id., ECF No. 91.)

**II. RELEVANT CONDUCT**

Defendant argues that the aggravated burglary offense in paragraph 51, Shelby Country Criminal Court case number 05-

03370, should be considered relevant conduct. (See Mem. of Mr. Richardson, id., ECF No. 88.) Specifically, Defendant contends that these offenses involved the same gun and took place around the same time. (Id. at 1.) Defendant argues that he regularly carried the firearm at the time of the offenses, and accordingly, the two offenses were connected. (Id.) According to Defendant, if the paragraph 51 aggravated burglary offense is found to be relevant conduct, his base offense level would be enhanced four points pursuant to § 2K2.1(b)(6) of the United States Sentencing Guidelines ("U.S.S.G."), and he would be entitled to an adjustment for seventy-six months served on his state sentence pursuant to § 5G1.3(b). Defendant does not argue that the aggravated burglary offense set forth in paragraph 52, Shelby County Criminal Court case number 05-3372, is relevant conduct. (Id.)

The Government argues that, although the offenses shared temporal proximity, the offenses were not part of the "same course of conduct." (Position of the United States at 3-5, United States v. Richardson, 2:04-cr-20344-JPM-1 (W.D. Tenn.), ECF No. 82.) According to the Government, "the strong temporal proximity of the three offenses does not overcome the relative weakness of the similarity and regularity factors." (Id. at 5.) The Government also asks the Court to evaluate Defendant's credibility as to his testimony that "he possessed the Bryco

Arms .380 caliber pistol that is the subject of the conviction in this indictment, 04-20344, during the offense conduct described in paragraph 51 of the Supplemental Presentence Investigation Report prepared January 20, 2016." (Req. for Clarification at 1, id., ECF No. 91.)

For another firearm offense to qualify as relevant conduct sufficient to enhance a defendant's base offense level pursuant to U.S.S.G. § 2K2.1(b)(6), the offense must be "part of the same course of conduct or common scheme or plan" as the underlying felon-in-possession conviction. United States v. Phillips, 516 F.3d 479, 483 (6th Cir. 2008) (quoting U.S.S.G. § 1B1.3(a)(2)). In this case, the parties dispute only whether the paragraph 51 offense was part of the "same course of conduct" as the instant offense.

The Sentencing Guidelines instruct courts to consider three factors "in determining whether offenses are sufficiently connected to be part of the same course of conduct": (1) "the degree of similarity of the offenses"; (2) "the regularity of the offenses"; and (3) "the time interval between the offenses." Id. (citing U.S.S.G. § 1B1.3, application note 9(B)). "The Guidelines counsel a 'sliding scale approach' to these factors, explaining that '[w]hen one of the above factors is absent, a stronger presence of at least one of the other factors is required.'" Id. (quoting U.S.S.G. § 1B1.3, application note

5

9(B)); see also United States v. Hill, 79 F.3d 1477, 1482 (6th Cir. 1996).

U.S.S.G. § 5G1.3(b) provides for the adjustment of a defendant's sentence for an undischarged term of imprisonment if that undischarged term is relevant conduct to the instant offense under U.S.S.G. § 1B1.3. "The purpose of § 5G1.3 is to 'mitigate the possibility that the fortuity of two separate prosecutions will grossly increase the defendant's sentence.'" United States v. Giffin, 63 F. App'x 798, 802-03 (6th Cir. 2003) (quoting United States v. Caraballo, 200 F.3d 20, 27 (1st Cir. 1999)). The commentary to U.S.S.G. § 1B1.3 indicates that "relevant conduct" is designed to take account of "a pattern of misconduct that cannot readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing." U.S.S.G. § 1B1.3, background.

In Phillips, the Sixth Circuit upheld a relevant conduct enhancement after determining that the first two factors weighed in favor a relevant conduct finding. Id. at 485. Although the felon-in-possession conviction involved a 2004 incident, the other possession offenses occurred in 2002 and 2006. The court found, however, that the two other incidents involved conduct identical to the felon-in-possession offense. Id. The degree of similarity was strong because each of the offenses "appear[ed] linked by a common purpose: self-defense." Id.

Moreover, the court found that the degree of regularity was strong. Id. at 484. The court reasoned that because one of the other possession offenses occurred after the defendant was arrested and indicted for the felon-in-possession offense, "his arrest for being a felon in possession did not deter him from possessing firearms and . . . he may have carried firearms regularly." Id. at 484-85. Thus, despite the significant time lapse between the offenses, the Sixth Circuit affirmed the district court's determination that the 2002 and 2006 possessions of firearms were part of the "same course of conduct" as his 2004 felon-in possession charge. Id. at 485; see also United States v. Gales, 137 F. App'x 875, 877 (6th Cir. 2005) (upholding a relevant conduct enhancement where each of the three instances of possession of a firearm "followed a common pattern: Gales possessed a stolen firearm and then Gales or his friends sold the firearm, always to the same store").

On the other hand, in United States v. Kulick, the Third Circuit found that an extortion offense was not relevant conduct to a felon-in-possession offense. 629 F.3d 165, 171-74 (3d Cir. 2010). The court found that, although possession of a firearm was a required element of both charges and the defendant used the same firearm in both offenses, the two offenses were dissimilar, did not have a common purpose, and occurred twenty-seven months apart. Id. at 172-74. Although the district court

7

suggested that the defendant possessed the firearm continuously for the twenty-seven month period, the Third Circuit remarked that it "ha[d] never held that continuous possession of a firearm is sufficient to automatically render two offenses relevant conduct." Id. at 174. The court further reasoned that "it would eviscerate the effect and import of the Guidelines to permit an enhancement on these facts." Id.

As an initial matter, the Court finds that Richardson is not credible as to his testimony that he possessed the same Bryco Arms .380 caliber pistol that is the subject of the instant offense during the offense conduct described in paragraph 51 of the Supplemental PSR. Richardson's criminal history reflects a pattern of disregard for the law to advance his own interests. Richardson does not submit any state court document to support his contention, and his own testimony carries little weight.

Regardless of whether Richardson possessed the same firearm during the commission of the instant offense and the paragraph 51 aggravated burglary, Richardson fails to show that either of his aggravated burglary convictions were part of the "same course of conduct" as the instant offense. Although the temporal proximity factor weighs in favor of a relevant conduct enhancement, it is insufficient in light of the dissimilarity of the offenses. Richardson committed the aggravated burglary

8

offense described in paragraph 51 of the PSR on August 30, 2003. (See Supp. PSR ¶ 51.) He committed the aggravated burglary offense described in paragraph 52 of the PSR on December 24, 2003. (See Supp. PSR ¶ 52.) The instant felon-in-possession charge involves an incident that took place on October 3, 2003. (See Indictment, United States v. Richardson, 2:04-cr-20344-JPM-1 (W.D. Tenn.), ECF No. 1 (sealed).) Thus, all three of the offenses occurred over a four month period.

The offenses, however, lack any commonality of nature or purpose. In the instant offense, the firearm was discovered during a stop of Richardson's vehicle, and Richardson advised investigators that the firearm was in his car for protection. (See PSR ¶¶ 5-6.) In the aggravated burglary offenses, Richardson used the firearm offensively, to intimidate his victims and accomplish the burglaries. (See Supp. PSR ¶¶ 51-52.) The only similarity between these three offenses is that all three involved the use of a firearm. The nature and purpose of the aggravated burglaries was vastly different from that of the felon-in-possession offense.

Moreover, the aggravated burglary offenses do not demonstrate that Richardson regularly carried a firearm. Unlike in Phillips, where the court reasoned that the subsequent firearm possession demonstrated that Phillips regularly carried a firearm for self-defense, Richardson's offensive uses of a

9

firearm in connection with the burglaries do not evince that he regularly carried a firearm. Rather, they show only that Richardson carried firearms on the particular occasions where he sought to commit a burglary.

Considering these factors, the Court finds that Richardson fails to show that either of his aggravated burglary offenses were similar in kind to, shared a common purpose with, or evince regularity with respect to his felon-in-possession offense. Although these offenses occurred around the same time, and one may have involved the same firearm, these facts do not make them part of the "same course of conduct" as the instant offense. Rather, the instant offense was a discrete, identifiable offense. Accordingly, neither the conduct described in paragraph 51 nor that described in paragraph 52 is relevant conduct to the instant offense under U.S.S.G. §§ 1B1.3(a)(1)-(3). Richardson is not subject to a four-point enhancement under U.S.S.G. § 2K2.1(b)(6), and U.S.S.G. § 5G1.3(b) is not applicable.[1]

---

[1] Even if one or both of Richardson's aggravated burglary convictions were considered to be relevant conduct, he is not subject to an undischarged term of imprisonment for either conviction and would not receive credit under U.S.S.G. § 5G1.3(b). Richardson's sentence for the aggravated burglary described in paragraph 51 expired while he was in state custody on July 14, 2010. (See Supp. PSR ¶ 51.) Likewise, Richardson's term of imprisonment for the aggravated burglary described in paragraph 52 ended on September 15, 2015, when he was paroled to federal detainer. (See Supp. PSR ¶ 52.) Thus, neither qualify as "undischarged." See generally United States v. Rosado, 254 F. Supp. 2d 316, 319-20 (S.D.N.Y. 2003); United States v. Simmons, 993 F. Supp. 957, 957-58 (D.S.C. 1998). Because U.S.S.G. § 5G1.3(b) provides that a court shall adjust the sentence to account for time already served only on an

**III. IMPOSITION OF SENTENCE**

Because U.S.S.G. § 5G1.3(b) does not apply, the Court may impose Richardson's sentence to run concurrently, partially concurrently, or consecutively to his state terms of imprisonment. As discussed above, Richardson's instant felon-in-possession offense was a discrete offense from his aggravated robbery offenses. In order to achieve a reasonable punishment for the instant offense, the Court imposes Richardson's sentence to run consecutively to his state sentences.[2]

**IT IS SO ORDERED,** this 21st day of March, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

undischarged term of imprisonment, it does not apply in cases where the defendant has completed his state terms of imprisonment.

[2] See also United States v. Newby, 13 F. App'x 324, 325-26 (6th Cir. 2001).